# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1609014541 |
| | ) | |
| DAMMEYIN A. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: April 27, 2020
Date Decided: May 20, 2020

## ORDER

Upon consideration of Defendant's Motion Seeking Modification Under Extraordinary Circumstances ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1. On August 3, 2017, Defendant pled guilty to Drug Dealing Tier 4, and was sentenced to 15 years at Level V, suspended after 4 years, for 18 months at supervision Level III.[1]

2. On April 27, 2020, Defendant filed this Motion, asking the Court to suspend the remaining Level V time of his sentence for 6 months at Level IV Home Confinement or an additional 6 months of Level III supervision.[2] In support of the

---

[1] D.I. 26.
[2] D.I. 71.

Motion, Defendant cites: (1) his medical conditions; (2) his potential exposure to COVID-19; and (3) his exemplary behavior while incarcerated.[3]

3. Superior Court Criminal Rule 35 governs motions for modification of sentence. "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[4] The Court will not consider repetitive requests for reduction or modification of sentence.[5]

4. This Motion was filed more than two (2) years after the imposition of Defendant's sentence, and it is therefore time-barred under Rule 35(b).

5. The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217. Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[6] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely

---

[3] *Id.* Defendant states that he is diabetic and asthmatic.
[4] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").
[5] Super. Ct. Crim. R. 35(b).
[6] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

basis."[7] Mitigating factors that could have been presented at sentence, exemplary conduct or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[8] The Defendant has failed to set forth facts establishing "extraordinary circumstances."

6. This is Defendant's fifth request to modify his sentence under Rule 35(b), and therefore, Defendant's Motion is barred as repetitive.[9]

7. The Court finds the Defendant's sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court that would warrant a reduction of modification of this sentence.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion Seeking Modification Under Extraordinary Circumstances is **DENIED**.

*Jan R. Jurden*

———————————————————
Jan R. Jurden, President Judge

Original to Prothonotary

cc:  Dammeyin A. Johnson (SBI# 00306875)
     Barzilai Axelrod, DAG

---

[7] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

[8] *See id.* at 145–46 (recognizing that participation in educational and rehabilitative prison programs is commendable, but does not by itself constitute "extraordinary circumstances" for purposes of Rule 35(b)).

[9] *See* D.I. 32, 34, 65, 68.